# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2019

Lyle W. Cayce
Clerk

No. 18-40899
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NICOLAS LOZANO ANGULO,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:18-CR-148-1

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nicolas Lozano Angulo appeals the sentence imposed following his guilty-plea conviction for conspiracy to transport undocumented aliens within the United States. He claims the district court clearly erred by applying a six-level sentencing enhancement under Sentencing Guideline § 2L1.1(b)(2)(B) based on its finding the offense involved 25-99 aliens. Along that line, Angulo maintains the court erred: by determining prior instances of alien smuggling

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

were relevant conduct to his offense, asserting they were too temporally remote from his offense; and by relying on statements from witnesses who were not prosecuted.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the advisory Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, including relevant-conduct determinations, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Williams*, 610 F.3d 271, 292 (5th Cir. 2010). Because Angulo provided no evidence to rebut the information provided by his presentence investigation report, the district court was free to adopt it and rely on it at sentencing. *See United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).

Prior offenses may constitute the same course of conduct, and therefore qualify as relevant conduct to the offense of conviction, if they are sufficiently connected to each other based on the similarity, regularity, and temporal proximity of the offenses. *United States v. Rhine*, 583 F.3d 878, 886 (5th Cir. 2009). When one of the factors for determining same course of conduct "is absent, a stronger presence of at least one of the other factors is required". U.S.S.G. § 1B1.3, cmt. n.5(B)(ii); *see Rhine*, 583 F.3d at 886–87.

Angulo's offense involved his delivering three undocumented aliens to a law-enforcement officer. Four of the prior smuggling events, involving a total

No. 18-40899

of 17 aliens, occurred well within the one-year benchmark this court uses for determining temporal proximity. *See Rhine*, 583 F.3d at 886–87. While the other smuggling events occurred outside the one-year benchmark, Angulo has waived any argument concerning the similarity and regularity of these events by failing to raise and brief them. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010). And, because lack of temporal proximity is "not dispositive", *Rhine*, 583 F.3d at 887, Angulo fails to show the court clearly erred in determining these prior smuggling events constituted relevant conduct to his offense of conviction, *see Williams*, 610 F.3d at 292–94.

AFFIRMED.